**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50269 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-0016-PA |
| v. | |
| DAVID LINEHAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 13, 2020[**]
Pasadena, California

Before: CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,[***]
District Judge.

In 2017, David Linehan, a United States citizen living in Cambodia, sent an

email to the United States Embassy in Phnom Penh, Cambodia stating: "I've had

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

enough. I plan to fire bomb the US Embassy in Phnom Phen and draw international attention to your crimes against me and the rest of the world unless you respond immediately and redress your crimes." He sent the email, with attached documents relating to the reason for his threat, to a U.S. Embassy email address and copied specific individuals at the Embassy.

In 2018, Linehan was deported from Cambodia. He was arrested when he returned to the United States, on an indictment charging him with transmitting in foreign commerce a "threat to injure the person of another," in violation of 18 U.S.C. § 875(c), and for threatening an individual or property by an instrument of foreign commerce, in violation of 18 U.S.C. § 844(e).

At trial, the jury learned that Linehan's anger toward the government dated back to a 1989 car accident in Florida that injured a man who later committed suicide. Linehan thought a Florida law-enforcement officer unfairly blamed him for the man's death. The district court admitted three prior emails Linehan had sent, two threatening to kill the Florida law-enforcement officer, and one threatening to blow up the U.S. Embassy in Hong Kong over an unrelated grievance.

The jury convicted Linehan on both counts. He received a 33-month sentence. Linehan appeals the district court's admission of the prior emails and the court's instructions to the jury. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's admission of evidence, including its balancing under Federal Rule of Evidence 403, for abuse of discretion. *United States v. Jayavarman*, 871 F.3d 1050, 1063 (9th Cir. 2017); *United States v. Major*, 676 F.3d 803, 807–08 (9th Cir. 2012). We review "the wording of jury instructions for an abuse of discretion, but review de novo whether jury instructions omit or misstate elements of a statutory crime or adequately cover a defendant's proffered defense." *United States v. Chi*, 936 F.3d 888, 893 (9th Cir. 2019) (quoting *United States v. Kaplan*, 836 F.3d 1199, 1214 (9th Cir. 2016)).

## 1. The Evidentiary Rulings

Evidence of other acts that are "inextricably intertwined" with a charged offense are independently admissible and "exempt from the requirements of Rule 404(b)." *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) (quoting *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012)). Rule 404(b) does not exclude "evidence of acts which are 'intrinsic' to the charged offense." Fed. R. Evid. 404(b) advisory committee's note to 1991 amendment. Intrinsic evidence includes evidence that provides "the context in which the charged crime occurred." *United States v. Collins*, 90 F.3d 1420, 1428 (9th Cir. 1996).

Linehan had a 30-year history of threatening harm to government officials who did not respond to his grievances, starting with the complaints and lawsuit he filed against the Florida law-enforcement officer who Linehan believed had wrongly

blamed him for the suicide stemming from the 1989 car accident. Linehan sent emails in 2010 and 2014 threatening to kill both this officer and the lawyer, later elected to the Florida State Senate, who had represented Linehan in a lawsuit against this officer, unless they redressed their "crimes" against him. In 2015, while living in Hong Kong, Linehan sent an email to the Hong Kong National Police after they failed to respond to a complaint, threatening to shoot them or firebomb their "criminal headquarters" and stating that he "hoped to kill as many of you corrupt Hong Kong government criminals as possible . . . ."

In 2017, Linehan sent the email that was the basis of the indictment, threatening to firebomb the U.S. Embassy in Phnom Penh. The district court admitted the emails Linehan sent in 2010, 2014, and 2015 to provide the context for Linehan's 2017 email threatening to firebomb the Phnom Penh Embassy, and as evidence relevant to Linehan's intent in sending that email. The Florida emails showed the basis for Linehan's belief that he was aggrieved and the durability and depth of his anger at government officials. Linehan attached these Florida emails to his 2017 email threatening to firebomb the U.S. Embassy. The Hong Kong email and Linehan's subsequent statements to an embassy officer about it showed that he understood that an email threat to firebomb a government building is taken as a serious threat of harm. And the district court gave a careful limiting instruction that the jury had to find that Linehan threatened to firebomb the U.S. Embassy in

4

Cambodia, not that he had threatened to kill Florida officials or bomb the Hong Kong Police headquarters.

Admitting the evidence of the prior threats did not present an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting Fed. R. Evid. 403 advisory committee's note to 1991 amendment). The evidence tended to prove Linehan's guilt. *See Anderson*, 741 F.3d at 950; *see also United States v. Chase*, 301 F.3d 1019, 1026 (9th Cir. 2002) (affirming the admission of evidence showing that the defendant made other threats to harm FBI agents), *aff'd en banc United States v. Chase*, 340 F.3d 978, 993 (9th Cir. 2003) (affirming the panel's decision on the admissibility of "evidence of other threats").

## 2. The Jury Instructions

One of Linehan's charged offenses was transmitting a "threat to injure the person of another." 18 U.S.C. § 875(c). The court's instructions allowed the jury to find Linehan guilty if he threatened to "injure another person, that is, . . . threatened to firebomb the United States Embassy in Cambodia." Linehan argues that the district court erred in not requiring the jury to find that Linehan threatened a specific natural person, identified by name. Linehan points to the Ninth Circuit Model Jury Instruction for § 875(c), which includes a space to fill in the "name or title of [a] natural person." Ninth Cir. Model Crim. Jury Instr. 8.47B (2010).

5

Section 875(c) does not require proof that a defendant threatened to injure any particular person. Rather, it requires proof that the defendant threatened to injure "the person of another." 18 U.S.C. § 875(c). A threat to firebomb a building is a threat to injure the people that the defendants believes are inside the building. Linehan did not threaten to firebomb the Embassy only when it was empty. The government showed that the Embassy employed between 600 and 700 people and was always occupied. And Linehan sent copies of his threatening email to specific individuals, referring to them as "criminals" against whom he was seeking satisfaction for their "crimes." The district court did not err in the jury instructions for § 875(c).

**AFFIRMED**.